**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JASON T. DIAS,
               Appellant,

      v.

DEPARTMENT OF JUSTICE,
               Agency.

DOCKET NUMBER
PH-0752-18-0351-I-1

DATE: June 30, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ross A. Nabatoff, Esquire, Washington, D.C., for the appellant.

Margo Chan, Esquire, Denver, Colorado, for the agency.

Susan E. Gibson, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The agency has filed a petition for review of the initial decision, which reversed its removal action, finding that it failed to prove the charge. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant was a Deputy U.S. Marshal with the U.S. Marshals Service (USMS). Initial Appeal File (IAF), Tab 6 at 8. In June 2016, he underwent right knee reconstruction, resulting in his placement on limited duty within the agency. IAF, Tab 7 at 11, Tab 17 at 26-27. Under agency policy, employees on limited duty must support their limited duty assignment with medical documentation, updated monthly, using the Form USM-522A, Physician Evaluation Report for USMS Operational Employees (522A). IAF, Tab 7 at 12, 57. Thus, in accordance with the policy, the appellant was required to submit a new 522A every month until his doctor cleared him to return to full duty.

¶3 The appellant submitted 522As from June through December 2016. IAF, Tab 6 at 53, Tab 17 at 26-27. He also submitted a 522A dated January 1, 2017. IAF, Tab 7 at 16-17. Upon reviewing this form, a member of the agency's medical staff noticed that it appeared to be identical to the appellant's December 1, 2016 522A, except for the date. *Id.* at 11. This ultimately prompted an investigation by the agency's Office of the Inspector General (OIG) into

whether the appellant falsified documents relating to the agency's limited duty program. *Id.* at 5. During his interview with the OIG, the appellant admitted to changing the date on the January 1, 2017 522A, as well as on a subsequent 522A dated February 2, 2017. *Id.* at 6. According to the appellant, he submitted the two altered documents to avoid the inconvenience of contacting the doctor's office to obtain new 522As. *Id.* After submitting the altered 522As, the appellant submitted legitimate 522As on February 23 and March 23, 2017, and was cleared to return to full duty in April 2017. IAF, Tab 17 at 17-24.

¶4    By notice dated March 19, 2018, the agency charged the appellant with falsification of official documents and proposed his removal. IAF, Tab 6 at 118-26. The charge included two specifications, the first based on the altered January 1, 2017 522A, and the second based on the altered February 2, 2017 522A. *Id.* at 118-19. The appellant submitted both a written and oral reply. *Id.* at 13-44. On June 5, 2018, the agency sustained both specifications and the charge and thus removed the appellant. *Id.* at 8-12.

¶5    The appellant filed the instant appeal. IAF, Tab 1 at 4. After holding a hearing, the administrative judge issued a decision finding the agency did not prove its charge and reversing the appellant's removal on that basis. IAF, Tab 27, Initial Decision (ID) at 1, 23. In reversing the agency's action, the administrative judge found that the appellant's inaccurate statements, the altered dates on the 522As, were not material and were not done for private material gain. ID at 19. According to the administrative judge, the misstatements were not material because the appellant knew that his medical condition remained the same in January and February of 2017, and thus, he would have remained on limited duty regardless of whether he falsified the forms. ID at 22. The administrative judge also found that the appellant altered the dates to avoid the hassle of contacting his medical provider to obtain a new 522A, which was so minor and intangible that it was insufficient to amount to a private material gain. ID at 22-23.

¶6      The agency has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The appellant has responded and also requested that the Board dismiss the petition for review for failure to provide interim relief.  PFR File, Tab 3.  The agency has replied to his response and provided additional evidence of compliance.  PFR File, Tab 4.[2]

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We decline to dismiss the petition for review based on the agency's noncompliance with the order for interim relief.</u>

¶7      When, as here, the appellant was the prevailing party in the initial decision and interim relief was ordered, a petition for review filed by the agency must be accompanied by a certification that the agency has complied with the interim relief order, either by providing the interim relief ordered or by making a determination that returning the appellant to the place of employment would cause undue disruption to the work environment.  *Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶ 18 (2016).  The appellant challenges the agency's certification of compliance with the interim relief order and requests that the Board dismiss the agency's petition for review on that basis.  PFR File, Tab 3 at 11-12.  In particular, he alleges that the agency failed to reinstate him effective May 10, 2019, the date of the initial decision.  PFR File, Tab 3 at 11.  He also argues that the agency has not issued his credentials, which he needs to carry a weapon, and has not returned him to his regular duties.  *Id.* at 10-11.  Because, as discussed below, we deny the agency's petition for review, the issuance of our

---

[2] The appellant subsequently submitted new evidence of the agency's alleged noncompliance with the interim relief order, which he argues only became available to him after he filed his response to the agency's petition for review.  PFR File, Tab 5.  We find it unnecessary to make a determination as to whether to consider this evidence.  As set forth below, our final decision renders moot any dispute concerning the agency's compliance with the interim relief order.  *See Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶ 20 (2016) (explaining that the Board would not seek additional evidence of compliance from an agency when the final decision rendered moot any dispute concerning the agency's compliance with the interim relief order).

final decision renders moot any dispute concerning the agency's compliance with the interim relief order. *Elder*, 124 M.S.P.R. 12, ¶ 20. If the appellant believes that the agency is in noncompliance with the Board's Final Order, he may file a petition for enforcement in accordance with the instructions provided below. *Id.*

The administrative judge correctly determined that the agency failed to prove the charge of falsification.

¶8    To establish a charge of falsification, the agency must prove by preponderant evidence that the appellant (1) supplied wrong information, and (2) knowingly did so with the intention of defrauding, deceiving, or misleading the agency. *Boo v. Department of Homeland Security*, 122 M.S.P.R. 100, ¶ 10 (2014). The first element of the test requires that the agency prove that the false statement was "material." *Leatherbury v. Department of the Army*, 524 F.3d 1293, 1300 (Fed. Cir. 2008). The second element requires that the agency prove that the appellant's falsification was done for his own "private material gain." *Boo*, 122 M.S.P.R. 100, ¶ 12 (citing *Leatherbury*, 524 F.3d at 1300).

¶9    The administrative judge concluded that the misrepresentations at issue here were neither material nor made for private material gain. ID at 18-23. The agency argues that the administrative judge's statement of its burden was incorrect. It asserts that the falsification in the cases relied on by the administrative judge involved false statements, whereas this appeal involves "the alteration and forgery of a document." PFR File, Tab 1 at 8. The agency cites *Brown v. Defense Logistics Agency*, 65 M.S.P.R. 436, 442 (1994), *aff'd per curiam*, 67 F.3d 319 (Fed. Cir. 1995) (Table), in which the Board held that whether the appellant intended to gain personally from the falsification was immaterial to finding intent. PFR File, Tab 1 at 8-9. The holding in *Brown* was effectively overruled in *Leatherbury*, 524 F.3d at 1300, in which the U.S. Court of Appeals for the Federal Circuit held that, to prove a charge of falsification, the agency must show that the employee intended to defraud the agency for his own private material gain. *See Boo*, 122 M.S.P.R. 100, ¶¶ 11-12 (modifying the

Board's prior decisions in *Seas v. U.S. Postal Service*, 73 M.S.P.R. 422, 427 (1997), and *Schoeffler v. Department of Agriculture*, 47 M.S.P.R. 80, 84, *vacated in part on other grounds by* 50 M.S.P.R. 143, 146 (1991), to the extent that they suggested that an agency does not have to establish that an employee personally benefitted or gained from his misrepresentation to prove a charge of falsification). The cases modified by *Boo*, like the instant appeal, involved alleged falsification of agency documents. *See Seas*, 73 M.S.P.R. at 427-28 (finding that an administrative judge properly affirmed a charge of falsification based on an appellant signing her subordinate's name on an audit report form); *Schoeffler*, 47 M.S.P.R. at 83-85 (finding that an administrative judge properly affirmed two charges of falsification based on inaccuracies in (1) a time and attendance report and (2) a travel document). Thus, the fact that the appellant's alleged misconduct here involved altering a document does not exempt the agency from the requirement of proving private material gain. To the extent the agency is attempting to recharacterize its charge, that effort must fail. *See Alvarado v. Department of the Air Force*, 103 M.S.P.R. 1, ¶ 9 (2006) (finding that the agency is required to prove the charge as it is set out in the notice of proposed removal, not some other offense that might be sustainable by the facts of the case), *aff'd*, 626 F. Supp. 2d 1140 (D.N.M. 2009), *aff'd*, 490 F. App'x 932 (10th Cir. 2012).

¶10      The agency also disagrees with the administrative judge's findings that the appellant's misstatements were neither material nor for private material gain. PFR File, Tab 1 at 7-14. We find it unnecessary to consider the parties' arguments as to whether the misstatements were material. PFR File, Tab 1 at 7, 11-14, Tab 3 at 12-17, 22-25. Because we agree with the administrative judge that the agency failed to prove that the appellant intended to alter the date for a private material gain, we agree with his determination that the agency failed to prove the charge.

¶11      While recognizing the appellant provided altered 522As, the administrative judge found that the appellant "knew [he would remain on limited duty] whether

or not he changed the dates" and that the agency "agree[d] the medical information contained on the reports bearing the altered dates was accurate." ID at 22. The agency disputes these findings. PFR File, Tab 1 at 11-14. As to the administrative judge's findings that the appellant knew he would remain on limited duty despite failing to obtain updated 522As, we defer to this factual determination because it was based on the administrative judge's demeanor-based credibility findings. *See Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372 (Fed. Cir. 2016) (finding that the Board must afford "special deference" to the administrative judge's findings respecting credibility when she "relies expressly or by necessary implication on the demeanor of the witnesses") (citation omitted). In particular, the administrative judge found, relying on the appellant's responses to agency OIG agents and his hearing testimony, that he knew his restriction would remain the same on any 522A completed on January 1 and February 2, 2017, and he would remain on limited duty during this period. ID at 5, 16, 22; IAF, Tab 7 at 79; Hearing Transcript (HT) at 205, 213-14 (testimony of the appellant).

¶12    The agency argues that the appellant's 522As changed over the course of his recovery, including his medical restrictions. PFR File, Tab 1 at 13-14; IAF, Tab 6 at 140-43, Tab 17 at 17-18. For example, on his December 1, 2016 522A, his doctor's office indicated the appellant could not lift 45 pounds or more, use firearms, or engage in "aggressive law enforcement activities." IAF, Tab 6 at 49. As of February 23, 2017, the doctor's office lifted the first two restrictions but not the third. IAF, Tab 17 at 18. However, this evidence does not show that during the approximately 2-month period at issue here, from the beginning of January 2017 until the appellant submitted a new 522A on February 23, 2017, any changes in his medical restrictions occurred. Thus, we discern no basis to disturb the administrative judge's credibility-based determination that the appellant knew his restrictions would be the same during this period.

¶13     As to the administrative judge's finding that the agency shared the appellant's belief that he was entitled to limited duty, despite altering the forms, the record does not support the agency's argument to the contrary. PFR File, Tab 1 at 13. The deciding official and proposing official testified that the appellant would have remained eligible for limited duty status during this time period even if he had gone to the doctor. HT at 48 (testimony of deciding official), 119-20 (testimony of proposing official). Moreover, the agency allowed the appellant to violate their 30-day policy in the past without ramifications.[3] The substantive information on the 522As, that the appellant was not cleared to return to full activities without restrictions, remained the same throughout the appellant's recovery. IAF, Tab 6 at 48-49, Tab 17 at 17-21. Finally, on the appellant's December 2016 522A, which the agency did not allege was altered, the appellant's doctor's office estimated that his earliest return to full duty would be in March of 2017, nine months after the operation. IAF, Tab 6 at 48. Thus, the agency's argument on review does not suggest the administrative judge erred in finding that the agency believed the appellant remained eligible for limited duties.

¶14     The agency also argues that the appellant's ability to avoid contacting his doctor for 2 months was a private material gain realized by his falsification. PFR File, Tab 1 at 14. The administrative judge considered this argument below but found that avoiding the hassle of either traveling to the doctor or contacting the doctor's office to obtain a new 522A was so minor and intangible that it could not be considered a "material" gain. ID at 23. We agree. The definition of a "private material gain" is broad and is not limited to monetary gain. *Boo*,

---

[3] The appellant submitted a form dated June 30, 2016, and then another dated August 23, 2016, which is 24 days beyond the agency's 30-day policy. IAF, Tab 6 at 53, Tab 7 at 12-13, Tab 17 at 26-27. He next submitted a form dated September 30, 2016, which is 8 days beyond the agency's 30-day policy. IAF, Tab 6 at 53, Tab 17 at 30-31. He next submitted a form dated November 1, 2016, which is 2 days beyond the agency's 30-day policy. IAF, Tab 6 at 53, Tab 17 at 30-31.

[122 M.S.P.R. 100](#), ¶ 13.  However, intentions such as expediting a process or maintaining privacy fall outside the broad definition of "private material gain." *Id.*, ¶ 15 (finding that an appellant's intent to expedite the airport screening process for an individual scheduled to meet with agency officials fell outside the broad definition of private material gain); *see Bradley v. Veterans Administration*, [900 F.2d 233](#), 237 (Fed. Cir. 1990) (declining to find that an appellant's private gain of maintaining the privacy of his family life was material).  The avoidance of calling his medical provider out of laziness is akin to the minor and intangible gains discussed in *Boo* and *Bradley*.  Moreover, neither the agency's policy nor the appellant's doctor required that he physically visit the doctor's office to obtain a 522A.  HT at 123 (testimony of the proposing official), 222, 239 (testimony of the appellant); IAF, Tab 7 at 57.  What would have been required of the appellant is for him to call or email the doctor's office to produce another 522A form.

¶15    Further, on September 19, 2016, a member of the agency's medical staff emailed the appellant asking for an update to his medical status by November 19, 2016.  IAF, Tab 16 at 66.  At this time, the most recent 522A on file was from August 23, 2016.  IAF, Tab 6 at 53.  Thus, the agency would have allowed the appellant to wait until November to update his August 522A form, which would have been 58 days beyond the agency's 30-day policy.

¶16    Thus, the agency has failed to prove that, in the absence of the falsified medical forms, the appellant would not have remained on limited duty or otherwise been negatively affected by violating the agency's policy.  As such, the agency has failed to meet its burden of proving by preponderant evidence that the appellant intended to receive a private material gain by altering the 522A forms.

Because the agency failed to prove its charge, we decline to consider its arguments regarding the penalty.

¶17    The remainder of the agency's arguments, including a heightened burden for law enforcement officers, the appellant's potential *Giglio*-impairment, and

that falsifying medical documents is more serious than falsifying other documents, all involve the penalty determination.[4]  PFR File, Tab 1 at 9, 14-17; *see O'Lague v. Department of Veterans Affairs*, [123 M.S.P.R. 340](#), ¶ 20 (2016) (considering the appellant's status as a law enforcement officer in determining the reasonableness of the penalty), *aff'd per curiam*, 698 F. App'x 1034 (Fed. Cir. 2017); *Solis v. Department of Justice*, [117 M.S.P.R. 458](#), ¶¶ 9-10 (2012) (discussing the agency's consideration of an appellant's potential *Giglio* impairment as an aggravating factor in assessing the penalty); *Isom v. Defense Logistics Agency*, [22 M.S.P.R. 79](#), 82 (1984) (discussing the seriousness of falsifying a medical document in assessing the reasonableness of a penalty), *aff'd*, 770 F.2d 181 (Fed. Cir. 1985) (Table).  Because we sustain the administrative judge's determination that the agency has failed to meet its burden of proof, we need not reach those arguments.

## ORDER

¶18    We ORDER the agency to cancel the removal action and to restore the appellant effective June 8, 2018.  *See Kerr v. National Endowment for the Arts*, [726 F.2d 730](#) (Fed. Cir. 1984).  The agency must complete this action no later than 20 days after the date of this decision.

¶19    We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision.  We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the

---

[4] Under the U.S. Supreme Court's precedent set forth in *Giglio v. United States*, [405 U.S. 150](#) (1972), investigative agencies must turn over to prosecutors any potential impeachment evidence.  *Solis v. Department of Justice*, [117 M.S.P.R. 458](#), ¶ 4 n.1 (2012).  The prosecutor will then exercise his discretion regarding whether the impeachment evidence must be turned over to the defense, which could jeopardize a case in which the "*Giglio*-impaired" agent is testifying.  *Id.*

Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶20     We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶21     No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶22     For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If

you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for

                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐  1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐  2) Settlement agreement, administrative determination, arbitrator award, or order.

☐  3) Signed and completed "Employee Statement Relative to Back Pay".

☐  4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐  5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐  6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐  7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63).
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion.  Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.